IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT J. TOWNSEND, | ) | CASE NO. 1:13 CV 2053 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN, RICHLAND | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Albert J. Townsend for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Townsend is currently incarcerated by the State of Ohio at the Richland Correctional Institution in Mansfield, Ohio.[3] He is serving a 12-year prison term imposed in 2009 after his conviction at a bench trial in the Cuyahoga County Court of Common Pleas on charges of aggravated robbery and robbery, both with a firearm specification, and having a weapon while under disability.[4]

In his petition, Townsend raises two grounds for habeas relief and has requested an evidentiary hearing on the issue of equitable tolling as it relates to the timeliness of his

---

[1] ECF # 5.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.*

petition.[5] The State, in its return of the writ, argues that ground one, which concerns double jeopardy, should be dismissed as procedurally defaulted,[6] while ground two, which argues that his habeas petition should be considered "even though untimely filed,"[7] is essentially moot because the petition was actually filed within the limitations period.[8] Townsend has filed a traverse,[9] to which the State has replied.[10]

For the reasons that follow, I will recommend: (1) that the ground relating to timeliness of the petition be dismissed as waived or non-cognizable, as well as any request for an evidentiary hearing on the issue of equitable tolling be, therefore, denied; and (2) that the remaining ground, which deals with double jeopardy, be dismissed as procedurally defaulted.

## Facts

### A.      Underlying facts, trial, and sentence

The background facts are from the trial transcript, as summarized in the State's appellate brief.

_____

[5] *Id.* at 6, 8, 15.

[6] ECF # 10 at 14-16.

[7] ECF # 1 at 8.

[8] ECF # 10 at 10-12.

[9] ECF # 14.

[10] ECF # 15.

In 2008, Rodney Tomblin was engaged to repossess a Jeep from a residence in Maple Heights, Ohio.[11] During a drive-by of the residence, Tomblin located the Jeep in the driveway ut found access to the driveway blocked by another vehicle, a Mercedes Benz sedan.[12] Tomblin went to report his presence to the local police, and upon returning to the residence, discovered that the Mercedes Benz had moved, leaving the Jeep by itself in the driveway.[13] After determining that no one was at the residence, Tomblin verified that the Jeep was the vehicle to be repossessed, hooked the Jeep to his tow truck, and drove away.[14]

While towing the Jeep down a side street, Tomblin drove past the Mercedes Benz he had earlier spotted in the driveway, now being driven by Townsend and headed in the opposite direction.[15] As Tomblin and the Jeep passed the Mercedes Benz, Townsend pointed at the Jeep and quickly executed a u-turn, speeding past Tomblin to a place where the Mercedes blocked the road, causing Tomblin to stop.[16] Townsend then got out of his car, retrieved a gun from the back seat, approached the tow truck and, pointing the gun at Tomblin's face, told him to "drop my shit."[17]

---

[11] ECF # 11-1 (state court record), at 78 (citing transcript).

[12] *Id.*

[13] *Id.*

[14] *Id.*, at 78-79.

[15] *Id.*, at 79.

[16] *Id.*

[17] *Id.*

When Townsend did not accept Tomblin's explanation that he was a repossession agent, Tomblin unhooked the Jeep, and Townsend's son, who was in the Mercedes Benz with Townsend, drove the Jeep away.[18] Townsend, still brandishing the handgun, then threatened to kill Tomblin if he ever came back for the Jeep.[19]

Townsend was initially indicted in 2008 on charges of aggravated robbery and robbery, both with firearm specifications, and having a weapon under disability.[20] Tomblin pled not guilty,[21] but after multiple continuances, most requested by the defense,[22] the case was dismissed in early 2009.[23] In May, 2009, Townsend was again indicted on the same charges,[24] and again pled not guilty.[25] As before, after multiple continuances,[26] this case was dismissed in December, 2009.[27]

---

[18] *Id.*, at 80.

[19] *Id.*

[20] *Id.*, at 9.

[21] *Id.*, at 11.

[22] *Id.*, at 12, 13, 17, 19, 20, 21, 22, 23, 25.

[23] *Id.*, at 26.

[24] *Id.*, at 27-29.

[25] *Id.*, at 11.

[26] *Id.*, at 21-22, 24-26.

[27] *Id.*, at 45.

One day after this dismissal, Townsend was once more indicted on these same charges,[28] and once more entered a plea of not guilty.[29] But after Townsend waived his right to a jury trial,[30] the matter quickly proceeded to a bench trial, where, subsequent to finding Townsend guilty on all charges, the trial court sentenced him to an aggregate prison term of 12 years.[31]

## B.    Direct appeal

### 1.    *Ohio court of appeals*

Townsend, now with new counsel,[32] timely filed[33] a notice of appeal with the Ohio appellate court.[34] In his brief, Townsend raised the following single assignment of error:

> The trial court erred in imposing consecutive terms of incarceration without providing findings and reasons in support of those findings.[35]

---

[28] *Id.*, at 48-50.

[29] *Id.*, at 51.

[30] *Id.*, at 52.

[31] *Id.*, at 54.

[32] Townsend was represented at trial by Michael Polito (*id.*, at 54), and for the appeal by Leif B. Christman (*id.*, at 56).

[33] The conviction was entered on December 21, 2009 (*id.*, at 54) and the notice of appeal filed on January 6, 2010 (*id.*, at 56). Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). Thus, the appeal was timely filed.

[34] ECF # 11-1, at 56.

[35] *Id.*, at 69.

The State filed a brief in response,[36] and then, on January 13, 2011, the Ohio appeals court issued an opinion overruling Townsend's sole assignment of error and affirming the judgment of the trial court.[37]

The record does not indicate that Townsend timely appealed this decision to the Supreme Court of Ohio.

### 2.      *Delayed appeal to the Supreme Court of Ohio*

On May 5, 2011, Townsend, *pro se*, filed a notice of appeal[38] and motion to file a delayed appeal[39] with the Supreme Court of Ohio. Without receiving a filing from the State, the Ohio Supreme Court denied Townsend's motion on June 22, 2011.[40]

### C.      Rule 26(B) applications to re-open the appeal

Almost immediately after the Ohio Supreme Court denied the motion to file a delayed appeal, Townsend, *pro se*, filed an application with the Ohio appeals court under Ohio Appellate Rule 26(B) to re-open his direct appeal, citing ineffective assistance of appellate

---

[36] *Id.*, at 74-91.

[37] *Id.*, at 92-96.

[38] *Id.*, at 97-99.

[39] *Id.*, at 100-04.

[40] *Id.*, at 114.

counsel.[41] The State opposed the motion,[42] and, on October 11, 2011, the Ohio appellate court denied Townsend's application, finding that it was untimely filed.[43]

Townsend did not appeal this decision to the Supreme Court of Ohio.

Over a year later on November 7, 2012, Townsend again attempted to re-open his direct appeal under Ohio Appellate Rule 26(B).[44] Again, the State responded in opposition,[45] and again, the appellate court denied the application as successive and untimely.[46]

Townsend timely appealed this decision.[47] Without receiving a response from the State, the Supreme Court of Ohio declined to accept jurisdiction.[48]

## D.     State habeas petition

On July 14, 2011, Townsend, *pro se*, filed a state habeas petition in the Supreme Court of Ohio alleging that his indictment was fraudulent because he could not have been properly

---

[41] *Id.*, at 114-16.

[42] *Id.*, at 144-20.

[43] *Id.*, at 121-26.

[44] *Id.*, at 436-53.

[45] *Id.*, at 454-58.

[46] *Id.*, at 464.

[47] *Id.*, at 470.

[48] *Id.*, at 576.

indicted after his first re-indictment had been allegedly dismissed with prejudice.[49] The Supreme Court of Ohio denied the petition.[50]

## E.    Post-conviction motions

In April, 2011, Townsend began filing motions for post-conviction relief:

### 1.    *April, 8, 2011 – motion to dismiss the indictment*[51]

The motion was denied[52] without appeal.

### 2.    *September, 2011 – motion to dismiss/discharge the indictment*[53]

In this brief in support, Townsend, *pro se*, argued that it was a violation of the Double Jeopardy Clause of the United States Constitution to re-indict him after his prior case had been dismissed.[54] Without a response by the State, the trial court denied the motion.[55]

Townsend, now represented by counsel, then timely appealed.[56] The State filed a brief in opposition,[57] and then the Ohio appeals court overruled the assignment of error and

---

[49] *Id.*, at 256-67.

[50] *Id.*, at 268.

[51] *Id.*, at 138-81.

[52] *Id.*, at 182.

[53] *Id.*, at 269.

[54] *Id.*, at 270-81.

[55] *Id.*, at 282.

[56] *Id.*, at 300-01. A prior notice of appeal filed *pro se* (*id.*, at 283-98) was dismissed as duplicative (*id.*, at 299).

[57] *Id.*, at 384-90.

affirmed the judgment of the trial court.[58] In its ruling, the court ruled that the trial court properly corrected the dismissal of the re-indictment, which had been inadvertently listed as with prejudice, to being without prejudice.[59] The appeals court rule that utilizing the *nunc pro tunc* order was proper here because, among other things, indictments dismissed before trial are usually dismissed without prejudice, and because this issue could have been raised on direct appeal, but was not, and so is now barred from consideration under *res judicata*.[60]

Townsend, *pro se*, timely appealed this ruling to the Supreme Court of Ohio,[61] which then declined to accept jurisdiction of the appeal.[62]

### 3. *May 11, 2012 – motion for post-conviction relief*

Townsend, *pro se*, filed yet another petition for post-conviction relief, again asserting that his re-indictment had been a violation of the Double Jeopardy Clause, and claiming that his trial counsel was ineffective.[63] The State opposed the petition as untimely and as barred

---

[58] *Id.*, at 400-09.

[59] *Id.*

[60] *Id.*

[61] *Id.*, at 410-34.

[62] *Id.*, at 435.

[63] *Id.*, at 577-87.

by *res judicata*.[64] Townsend filed a reply.[65] The State notes,[66] and my own review of the docket of this case is the Cuyahoga County Court of Common Pleas confirms,[67] that the trial court has not ruled on this motion. But the State further notes that under Ohio law, when a trial court does not rule on a motion, the motion is considered denied.[68]

**F.       Additional petition for writ of prohibition**

In January of 2012, Townsend, *pro se*, filed a petition for a writ of prohibition[69] with the Ohio appeals court.[70] After a response by the State, which included a request for summary judgment against Townsend,[71] the appeals court granted the State's motion for summary judgment[72] and denied Townsend's motion.[73]

[I also note that the docket of this matter in the Cuyahoga County Court of Common Pleas shows that Townsend is continuing to file motions on this case up to the present time.

---

[64] *Id.*, at 588-92.

[65] *Id.*, at 593-97, 598-607 (supplement to reply).

[66] ECF # 10 at 7.

[67] *See*, http://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.

[68] *Georgeoff v. O'Brien*, 105 Ohio App. 3d 373, 378, 663 N.E.2d 1348, 1352 (1995).

[69] Although the documents here, including the court's decision, refer to this filing as a writ of prohibition, the State in its return of the writ characterizes it as a writ of procedendo.

[70] ECF # 11, Attachment at 612-24.

[71] *Id.*, at 625-32.

[72] *Id.*, at 633.

[73] *Id.*, at 634, 635-44 (appellate opinion).

A review of the motions shows that the subject of the motions do not involve any claim

presented here, and so no exhaustion issue is present.]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Townsend is currently in state custody as a
result of his conviction and sentence by an Ohio court, and that he was
so incarcerated at the time he filed this petition. Thus, Townsend meets
the "in custody" requirement of the federal habeas statute vesting this
Court with jurisdiction over the petition.[74]

2.    Although Townsend contends in ground two that there are reasons to
excuse an allegedly untimely filing, as will be discussed later, the
petition is timely.[75]

3.    In addition, Townsend states,[76] and my own review of the docket in this
Court confirms, that this is not a second or successive petition for
federal habeas relief as to this conviction and sentence.[77]

4.    Moreover, it appears that these claims have been totally exhausted in
Ohio courts by virtue of having been presented through one full round
of Ohio's established appellate review procedure.[78]

---

[74] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[75] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[76] ECF # 1 at 12.

[77] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[78] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.      Finally, Townsend is not represented by counsel, and he has not requested the appointment of counsel.[79] Although Townsend has requested an evidentiary hearing, that request, as will be discussed below, should be denied.[80]

## B.      Standard of review – procedural default

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[81]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)      Does a state procedural rule exist that applies to the petitioner's claim?

(2)      Did the petitioner fail to comply with that rule?

(3)      Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)      Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[82]

---

[79] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[80] 28 U.S.C. § 2254(e)(2).

[81] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[82] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

-12-

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[83]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[84] In addition, a showing of actual innocence may also excuse a procedural default.[85]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[86] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[87] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[88]

---

[83] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[84] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[85] *Id.*

[86] *Id.* at 753.

[87] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[88] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

-13-

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[89] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[90]

## C. Application of standard – ground one should be dismissed as procedurally defaulted.

Townsend alleges in ground one that his constitutional rights under the Double Jeopardy Clause were denied when he was retried and then convicted on charges that were earlier dismissed with prejudice in a ruling that was later corrected *nunc pro tunc* to a dismissal without prejudice.

The State points out that Townsend failed to raise this issue at his first opportunity on direct review, and so procedurally defaulted the claim by barring further review under the doctrine of *res judicata*.[91] Moreover, the State maintains that Townsend's attempts to raise this issue in a Rule 26(B) application to reopen cannot serve to preserve this claim for federal habeas review because: (1) Ohio law does not permit such a claim to be heard in a Rule 26(B) application, reserving that procedure to only claims of ineffective assistance of

---

[89] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[90] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[91] ECF # 10 at 14.

appellate counsel; and (2) the Ohio appeals court denied Townsend's application as untimely, thereby foreclosing any federal habeas consideration of such claims absent a showing of cause and prejudice.[92]

For his part, Townsend argues that he did properly raise a claim to the state courts that the trial court was without jurisdiction over him and that a defendant may raise this claim at any time.[93] The State, in turn, observes that double jeopardy does not go to the jurisdiction of the trial court at all,[94] and so Townsend has no basis for any late filing of this claim.

A review of the record shows that over a year and a half after Townsend's 2009 conviction, or in April, 2011, he filed a motion in the trial court to dismiss the indictment on the basis that the prosecution had no jurisdictional grounds to re-indict him after the trial court had dismissed the earlier charge with prejudice and raised the argument of double jeopardy.[95] The trial court denied the motion without comment within a week of Townsend's filing,[96] and Townsend did not appeal this decision to the Supreme Court of Ohio. Instead, as noted above, Townsend's next step was to file a state habeas petition with the Ohio

---

[92] *Id.* at 14-15.

[93] ECF # 14 at 3.

[94] ECF # 15 at 1 (citing *Lowther v. Maxwell*, 175 Ohio St. 39, 191 N.E.2d 172 (1963)).

[95] ECF # 11-1, at 138.

[96] *Id.*, at 182.

Supreme Court in July, 2011, raising a similar claim,[97] and, in September, 2011, he filed another motion in the trial court to dismiss or discharge all charges against him.[98]

Even accepting as true the statement that a defendant may challenge the court's jurisdiction over him at any time, and then assuming that the claimed double jeopardy violation was a challenge to the court's jurisdiction, the case history here fully supports the position that Townsend did not raise this issue at his earliest opportunity, and so this claim would be procedurally defaulted on the grounds of *res judicata*. Specifically, Townsend filed the first attack on the re-indictment alleging a violation of double jeopardy in April, 2011, or just less than one full year after he filed his brief on direct appeal in May, 2010 – a brief that raised no such argument.[99]

Plainly, at that point in May of 2010, any alleged defect rooted in the re-indictment after dismissal was apparent on the record and so known to Townsend at that time, requiring that it be brought then to the courts. Even viewed as a challenge to the court's jurisdiction, the April, 2011, filing was not the earliest opportunity. And, in Ohio, the fact that a defendant may bring a challenge to the court's jurisdiction at any time in the proceedings does not relieve that defendant of the obligation to bring such a challenge at the earliest opportunity,

---

[97] *Id.*, at 256.

[98] *Id.*, at 269.

[99] *Id.*, at 66.

-16-

including at the direct appeal, or else face dismissal of that claim on the basis of *res judicata*.[100]

As detailed earlier, a procedural default based on *res judicata* was recognized and cited by some of the later courts to receive this claim.[101] Moreover, and more importantly, the existence of this procedural default is assumed to be the reason for the trial court's decision in denying Townsend's April, 2011, motion to dismiss the indictment, the first time he raised this argument, despite the absence of any stated reason for the decision.[102] Further, because Ohio's *res judicata* rule is accepted by the federal habeas courts as an adequate and independent state law basis for foreclosing federal habeas review,[103] and because Townsend has advanced no cause to excuse his non-compliance with the requirement of bringing this claim on his direct appeal, the Double Jeopardy Clause claim in ground one is procedurally defaulted and should, therefore, be dismissed.

---

[100] *State v. Williams*, No. 101026, 2014 WL 6983291, at *5 (Ohio Ct. App. Dec. 11, 2014) (citations omitted).

[101] The Sixth Circuit has noted that in Ohio *res judicata* applies either when a habeas petitioner could have brought the claim on direct appeal, but did not, or when the claim was brought on direct appeal, decided, and then is reintroduced at a later proceeding. *Hanna v. Ishee*, 694 F.3d 596, 613-14 (6th Cir. 2012) (citations omitted). Thus, the *res judicata* bar cited by the later courts to receive this claim is a proper expression of *res judicata* at that step of the litigation and would not contradict an earlier bar arising in the trial court at the filing of the April, 2011, motion, which bar would be based on Townsend's failure to raise the claim at the direct appeal.

[102] *Stout v. Warden*, No. 3:12-CV-1415, 2014 WL 1682824, at *7 (N.D. Ohio Apr. 17, 2014) (report and recommendation adopted by the district court) (citation omitted).

[103] *Hanna*, 694 F.3d at 615 (citations omitted).

-17-

**D.      Ground two should be dismissed as waived or non-cognizable.**

In ground two, Townsend raises a claim that, despite this petition allegedly being untimely, he is entitled to equitable tolling, and so this petition should be heard. But as the State points out, and supports with a detailed review of the record, this petition is indeed timely filed.[104] Townsend, in his traverse, agrees with the State and/or argues that the State has waived any argument that the petition is untimely.[105]

Since no dispute exists about the timeliness of this petition, ground two should be dismissed because of Townsend's agreement with the State's time calculations.

Accordingly, the request for an evidentiary hearing to establish a basis for equitable tolling should be denied.

## Conclusion

For the reasons stated above, I recommend that the *pro se* petition of Albert J. Townsend for a writ of habeas corpus be dismissed and that his request for an evidentiary hearing be denied.

Dated: January 20, 2015                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[104] ECF # 10 at 10-11.

[105] ECF # 14 at 1-2.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[106]

---

[106] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).