**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ALBERT J. TOWNSEND, ) | CASE NO. 1:13CV2053 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| WARDEN, ) | MEMORANDUM OF OPINION |
| Richland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Albert J. Townsend's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In May 2008, the Cuyahoga County Grand Jury issued an Indictment charging Petitioner with one count of Aggravated Robbery with one and three-year Firearm Specifications, one count of Robbery with one and three-year Firearm Specifications, and one count of Having a Weapon Under Disability.  After several continuances the case was dismissed on April 27, 2009.  In May 2009, the Cuyahoga County Grand Jury issued an Indictment charging Petitioner with the same offenses.  After several continuances the case was dismissed on December 14, 2009.

Meanwhile, the Cuyahoga County Grand Jury issued an Indictment on December 10, 2009, charging Petitioner with the same offenses: one count of Aggravated Robbery with one and three-year Firearm Specifications, one count of Robbery with one and three-year Firearm Specifications, and one count of Having a Weapon Under Disability. Petitioner waived his right to a trial by jury and on December 14, 2009, the case proceeded to a bench trial.  The trial court found Petitioner guilty as charged in the Indictment and sentenced Petitioner to twelve years in prison.

Petitioner filed a timely Notice of Appeal to the Eighth District Court of Appeals, Cuyahoga County, Ohio.  Petitioner's only assignment of error challenged the trial court's imposition of consecutive terms of incarceration.  On January 13, 2011, the Eighth District Court of Appeals affirmed the judgment of the trial court.  On May 5, 2011, Petitioner filed a Notice of Appeal and a Motion for Leave to File a Delayed Appeal in the Supreme Court of Ohio.  On June 22, 2011, the Supreme Court of Ohio denied Petitioner's Motion for Leave to File a Delayed Appeal.

On June 24, 2011, Petitioner filed an Application to Reopen his Direct Appeal. On October 11, 2011, the Court of Appeals denied Petitioner's Application finding that it

was untimely. Petitioner failed to file an appeal in the Supreme Court of Ohio. Petitioner filed several more motions and petitions in the trial court, the Court of Appeals and the Supreme Court of Ohio. All were denied or dismissed.

Petitioner filed the instant Petition on September 17, 2013, asserting the following grounds for relief:

> **GROUND ONE:** Petitioner was denied his constitutional rights under the double jeopardy clause when he was subjected to double jeopardy when he was tried and convicted on charges that were dismissed with prejudice.
>
> **GROUND TWO:** Petitioner's Habeas Corpus is properly before [sic] court even though filed untimely due to state created impediment/and equitable tolling should be applied in this case.

On September 24, 2013, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on January 20, 2015. On January 30, 2015, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of

whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

In Ground Two, Petitioner claimed that he is entitled to equitable tolling despite his Petition being untimely. The Magistrate Judge correctly concluded that the instant Petition is timely filed and the State of Ohio has waived any argument that the Petition is untimely. Therefore, Ground Two is dismissed as waived as there is no dispute about the timeliness of the Petition. No hearing is necessary to establish a basis for equitable tolling.

In Ground One, Petitioner contends that his constitutional rights under the Double Jeopardy Clause were denied when he was retried and then convicted on charges that were earlier dismissed with prejudice in a ruling that was later corrected *nunc pro tunc* to a dismissal without prejudice. Respondent asserts that this claim is procedurally defaulted because Petitioner did not raise this issue at his first opportunity on direct review. Under the doctrine of procedural default, the federal habeas court may

not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In this case, Petitioner has not attempted to show cause for his default.

Rather, Petitioner claims that he did properly raise a claim to the state courts that the trial court was without jurisdiction over him and that a defendant may raise this claim at any time. Petitioner contends that because the charges were dismissed and then re-filed, the court lacked subject matter jurisdiction. However, the Magistrate Judge points out that Respondent is correct that double jeopardy does not apply to the jurisdiction of the trial court. *Lowther v. Maxwell*, 175 Ohio St. 39, 191 N.E.2d 172 (1963).

The Magistrate Judge thoroughly reviewed the record and points out that over a year and a half after Petitioner's 2009 conviction, in April, 2011, he filed a Motion to Dismiss the Indictment in the trial court. Petitioner claimed that the prosecution had no jurisdictional grounds to re-indict him after the trial court had dismissed the earlier charge with prejudice, even though the trial court filed a *nunc pro tunc* entry changing the dismissal to one without prejudice. The trial court denied the Motion without comment and Petitioner did not appeal this decision to the Supreme Court of Ohio.

5

The Court agrees with the Magistrate Judge that the case history supports the position that Petitioner did not raise this issue at his earliest opportunity, thus the claim would be procedurally defaulted on the grounds of *res judicata*. Petitioner's first attack of the re-indictment alleging a violation of double jeopardy was nearly a full year after he filed his Appeal, and did not raise that argument.

The Sixth Circuit has noted that in Ohio *res judicata* applies, either when a habeas petitioner could have brought the claim on direct appeal, but did not, or when the claim was brought on direct appeal, decided, and then is reintroduced at a later proceeding*. Hanna v. Ishee*, 694 F.3d 596, 613-14 (6th Cir. 2012) (citations omitted).

Petitioner states in his Objections that the Court should reject the Magistrate Judge's Report and Recommendation because under Ohio law Petitioner can challenge the trial court's jurisdiction at anytime. The Court agrees with the Magistrate Judge that even if a claimed double jeopardy violation is a challenge to the court's jurisdiction, Petitioner did not raise this issue at his earliest opportunity. Ohio's *res judicata* rule is accepted by the federal habeas courts as an adequate and independent state law basis for foreclosing federal habeas review. *Hanna*, 694 F.3d at 615 (citations omitted). Therefore, Ground One is procedurally defaulted and dismissed.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to

issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

   IT IS SO ORDERED.

Date:2/24/2015
           s/Christopher A. Boyko
           CHRISTOPHER A. BOYKO
           United States District Judge